UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES R. STILLWAGON,

    Plaintiff,

v.

THE CITY OF DELAWARE, et al.,

    Defendants.

and

JAMES R. STILLWAGON,

    Plaintiff,

v.

OFFICER JAMES AILES, et al.,

    Defendants.

Case Nos. 2:14-cv-807 and 2:14-cv-1606
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court on Plaintiff James R. Stillwagon's Motion to Consolidate [807 ECF No. 81; 1606 ECF No. 74]. For the following reasons, that Motion is **GRANTED**.

### I.

Plaintiff moves to consolidate two related cases. Plaintiff filed *Stillwagon v. The City of Delaware, et al.*, No. 2:14-cv-807, on July 10, 2014. (Compl. at 1 [807 ECF No. 2].) In that case (the "807 case"), Plaintiff asserts a variety of claims under 42 U.S.C. § 1983—false arrest, malicious prosecution, civil conspiracy, supervisory liability, and municipal liability—and under Ohio law—malicious prosecution, civil conspiracy, abuse of process, defamation, assault, and spoliation of evidence. (First Am. Compl. at 66–74 [807 ECF No. 78].) Plaintiff sued the City of

Delaware, Detective Benjamin Segaard, Former Detective Patrick Gerke, Officer Adam Willauer, Detective Sergeant Jonathan Radabaugh, and Richard O. Mattingly in the 807 case. (*Id.* 5–7.)

Plaintiff filed *Stillwagon v. Ailes, et al.*, No. 2:14-cv-1606, on September 18, 2014. (Compl. at 1 [1606 ECF No. 1].) Plaintiff sued Officer James Ailes, Officer Jason Flynn, Former Detective Patrick Gerke, and the City of Delaware in that case (the "1606 case"). (*Id.*) He brings claims under § 1983 for municipal liability, excessive force, and failure to prevent excessive force. (*Id.* at 18.)

Both of these cases stem from the same series of events. As the Court described in its March 31, 2016 Opinion and Order [807 ECF No. 67], Stillwagon alleges that on September 30, 2012, he was the victim of numerous vehicular assaults on the highways surrounding Delaware, Ohio. (Mar. 31, 2016 Op. & Order at 2–7.) Defendant Mattingly, the alleged perpetrator of these assaults, pursued Stillwagon into an AutoZone parking lot in Delware. (*Id.* at 5–7.) Stillwagon acted in what he describes as self-defense when he shot Mattingly's vehicle and pistol whipped Mattingly in the head. (*Id.* at 6–7.) The Delaware police detained and, later, arrested Stillwagon. (*Id.* at 7–9.) Finding no evidence in the record that could support a conviction, the trial court dismissed the criminal charges brought against Stillwagon. (*Id.* at 11.)

The facts underlying the allegations in the 1606 case (i.e., the excessive force allegations) occurred during Stillwagon's detention. Stillwagon complains that the defendant police officers used excessive force when they (i) handcuffed him, (ii) forcefully inserted him into a police cruiser, and (iii) taped plastic bags over his cuffed hands. (Compl. at 9 [1606 ECF No. 1].)

Magistrate Judge Kemp and the undersigned preside over both of Plaintiff's cases. And both cases are operating under the same discovery schedule. (May 9, 2016 Order at 1 [807 ECF

2

No. 77; 1606 ECF No. 72].) Fact discovery will conclude on November 30, 2016; primary experts will be disclosed by January 15, 2017; rebuttal experts will be disclosed by February 28, 2017; and summary judgment motions will be submitted by March 31, 2017. (*Id.*)

Plaintiff has moved to consolidate cases 807 and 1606 "for trial and all other purposes." (Mot. to Consolidate at 1 [807 ECF No. 81; 1606 ECF No. 74].) Defendants have not responded to Plaintiff's consolidation request.

## II.

### A. Rule 42(a) Standard

Federal Rule of Civil Procedure 42(a) authorizes the consolidation of cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). District courts enjoy considerable discretion in deciding whether to consolidate cases. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993); *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992). "The underlying objective [of consolidation] is to administer the court's business 'with expedition and economy while providing justice to the parties.'" *Advey*, 962 F.2d at 1180 (quoting 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2381 (1971)).

Whether cases present a common question of law or fact is only a threshold requirement though. *See Roxane Labs., Inc. v. Abbott Labs.*, Nos. 2:12-cv-312, 2:13-cv-645, 2:13-cv-708, 2013 WL 5217571, at *3 (S.D. Ohio Sept. 16, 2013). The Court must also consider

> "[w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

*Cantrell*, 999 F.2d at 1011 (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). "[T]he decision to consolidate is one that must be made thoughtfully, with

3

specific reference to the factors identified above. Care must be taken that consolidation does not result in unavoidable prejudice or unfair advantage." *Id.* If the conservation of judicial resources achieved through consolidation is "slight, the risk of prejudice to a party must be viewed with even greater scrutiny." *Id.* The Court, in other words, must "balance the value of time and effort saved by consolidation against the inconvenience, delay, or expense increased by it." *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.*, 163 F.R.D. 500, 503 (S.D. Ohio 1995).

**B.     Common Questions of Law or Fact**

The 807 case and the 1606 case share common questions of law and fact. Stillwagon's detention in the AutoZone parking lot, Stillwagon's transportation to the police department, and Stillwagon's treatment while in police custody are facts relevant to both cases. (Mot. to Consolidate at 4 [807 ECF No. 81; 1606 ECF No. 74].) The factual context leading up to Stillwagon's detention and eventual arrest is also relevant to both cases. (*Id.*)

As to common questions of law, both cases involve claims brought under § 1983 and the Fourth Amendment. (*Id.* at 3.) And both cases involve a municipal liability claim brought against the City of Delaware. Stillwagon is the sole plaintiff in both cases. (*Id.*)

**C.     Balancing the Costs and Benefits of Consolidation**

By identifying common questions of law and fact, Plaintiff has met the threshold requirement for consolidating his cases. The Court must now engage in the balancing test outlined above to determine whether the time and effort saved by consolidation outweighs the inconvenience, delay, or expense increased by it. *See Louis Trauth Dairy*, 163 F.R.D. at 503.

Here, the Court is hard-pressed to identify any downsides to consolidation. Consolidation poses little risk of prejudice or confusion given that Stillwagon is the sole plaintiff in these cases and that Stillwagon's claims are each carefully pleaded against specific defendants. Because the

cases share so many common questions of fact and law—and so many common witnesses—consolidation would save time, expense, and judicial resources. As Plaintiff explains, "[i]f the cases [are] not consolidated then the Plaintiff, most of the Plaintiff's witnesses, and nearly every defendant (in both case numbers) would be required to appear twice." (Mot. to Consolidate at 5.) Neither case has been assigned a trial date yet, so consolidation would not disturb the Court's trial schedule. And, finally, Defendants have offered no objections to Plaintiff's consolidation request. The balance of costs and benefits counsels in favor of consolidation.

### III.

For the reasons stated above, Plaintiff's Motion to Consolidate [807 ECF No. 81; 1606 ECF No. 74] is **GRANTED**, and cases 807 and 1606 are now **CONSOLIDATED** for discovery, trial, and all other purposes.

**IT IS SO ORDERED.**

10-19-2016
DATE

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**