```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

James R. Stillwagon,          :

     Plaintiff,             :

  v.                          :Case No. 2:14-cv-807

                                  :CHIEF JUDGE EDMUND A. SARGUS, JR.
The City of Delaware,          Magistrate Judge Kemp
    et al.,                 :

     Defendants.            :


James R. Stillwagon,          :

     Plaintiff,             :

  v.                          :Case No. 2:14-cv-1606

                                  :CHIEF JUDGE EDMUND A. SARGUS, JR.
Officer James Ailes,           Magistrate Judge Kemp
    et al.,                 :

     Defendants.            :

<u>ORDER</u>

    The background of this case is set forth in prior orders of the Court and will not be repeated here.  The purpose of this order is to resolve two pending discovery-related motions: Plaintiff's motion to compel complete answers and verification from Defendant Mattingly (Doc. 88) and Defendant Radabaugh's motion for a protective order (Doc. 92)(the Court will use the filing numbers for Case No. 14-cv-807).  For the following reasons, the first motion will be granted, and the second will be denied.

I.  <u>Motion to Compel</u>

    Richard Mattingly is one of the defendants in this case.  He is representing himself.  In an order dated December 11, 2015,

the Court directed Mr. Mattingly to answer interrogatories served on him by Plaintiff pursuant to Fed.R.Civ.P. 33. According to Plaintiff's more recent motion on this subject, Mr. Mattingly did provide a response to the interrogatories which is, in most respects, complete and responsive, but he did not fully answer interrogatories Nos. 5 and 7 and did not verify his responses. Mr. Mattingly has not responded to this motion.

Turning first to the two interrogatories in question, the first of them asked Mr. Mattingly if he or anyone at the Delaware Police Department notified his probation officer of his 2013 arrest for DUI and his subsequent conviction on a reduced charge of reckless operation; and, if so, who reported those things, to whom, and when (Interrogatory No. 5). The second, Interrogatory No. 7, asked him whether, after September 30, 2012 (the date of the incident involved in this case), he had anyone either inspect or repair his truck with respect to certain issues; and, if so, who did that, when they did it, and what they did. He responded to the first question by indicating that his parole officer was notified of his DUI arrest shortly after it took place and also was told about his conviction. In response to the second, he attached a bill for repairs. The bill is dated January 6, 2014 and does not appear to address any engine problems, transmission problems, power steering issues, or problems with the truck's drawing power or shorting out or pulling in any direction, which were the subjects mentioned in the interrogatory.

After receiving Mr. Mattingly's answers, counsel for Plaintiff wrote to him asking for a more complete answer to these interrogatories. The letter pointed out that, in response to Interrogatory No. 5, Mr. Mattingly had not said who notified his parole officer of his arrest and conviction, who his parole officer was, and the specific date. It also pointed out the deficiency in the answer to Interrogatory No. 7. Mr. Mattingly

also did not verify his interrogatory answers, and counsel wrote him a separate letter asking him to do so.  There is nothing in the record to suggest that Mr. Mattingly responded to either of these letters.

Interrogatories are governed by Fed.R.Civ.P. 33.  One subsection of that Rule, Rule 33(b)(3), states that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  The word "fully" means, in the context of this Rule, that the answer must respond to each part of the question.  Courts have frequently ordered a party to provide a more complete answer to interrogatories when the initial answer does not respond fully to the question being asked.  <u>See, e.g., Equal Rights Center v. Post Properties, Inc.</u>, 246 F.R.D. 29, 33 (D.D.C. 2007)(ordering more complete answers to interrogatories because party's original answers failed "to completely and fully address the question asked of it").  <u>See also Hansel v. Shell Oil Corp.</u>, 169 F.R.D. 303, 305 (E.D. Pa. 1996)("Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories").

The Court agrees with Plaintiff that Mr. Mattingly's answer to Interrogatory No. 5 is not fully responsive.  He did omit the details which were asked for in the interrogatory and in counsel's letter.  The Court will therefore direct him to supplement that answer.

Interrogatory No. 7 stands on a different footing, however.  Mr. Mattingly responded with reference to a single repair bill.  The only inference which can be drawn from that answer is that the items on the repair bill were the only ones which he asked someone to look at or to correct.  To the extent that the bill makes no reference to the types of issues described in the interrogatory, Mr. Mattingly has said that no one looked at these issues.  The Court views his answer as responsive, but he should

3

understand that he will not be able to give a different answer to this question at trial, because he will be bound by his interrogatory answer.

Finally, Plaintiff is correct that Rule 33(b)(3) requires answers to interrogatories to be given "under oath." 28 U.S.C. §1746 permits, in lieu of an oath, that statements otherwise required to be sworn to be made "under penalty of perjury ...." That statute applies to interrogatories. See, e.g., DeCola v. Kosciusko County Sheriff's Dept., 2007 WL 1650921 (N.D. Ind. June 5, 2007). Consequently, Mr. Mattingly will be directed to provide either an oath or declaration under penalty of perjury in support of his answers.

## II. Motion for a Protective Order

The motion for a protective order was filed by a different defendant, John Radabaugh. Its premise is simple enough. He had been noticed for a deposition, but claimed that his medical condition did not allow him to be deposed, and when Plaintiff did not voluntarily withdraw the deposition notice, he moved for a protective order. Although both parties (and particularly Plaintiff) devote some of their briefing to a procedural history of the efforts to have Sergeant Radabaugh deposed, outlining efforts which go back almost a year, the key question is whether Sergeant Radabaugh has satisfied his burden of showing that a deposition of some type would affect his health. Because he has not, the motion for a protective order will be denied.

The only evidentiary support provided in support of the motion for a protective order is a letter from the Wexner Medical Center at the Ohio State University signed by "Jeff Stemen, LPCC-S, LICDC, NCC," who represents himself as a Psychiatric Counselor. In a two-paragraph unsworn letter dated August 17, 2016, he makes these relevant statements:

(1) "Mr. Radabaugh has been in the care of the Ohio State

4

University since 5/31/2016 for treatment of chronic, severe, Posttraumatic Stress Disorder."

(2) The "type of unnecessary stress" caused by attending a deposition "would very likely result in emotional damage that would hinder his recovery and we do not support his participation in any proceedings"; and

(3) "Any further consideration regarding this matter should be revisited 3-6 months from now with his outpatient treatment providers."

The letter contains no indication that Mr. Stemen, who may or may not be one of Sgt. Radabaugh's treatment providers, was told anything about the subject of the deposition, the nature of this lawsuit, or the possibility of conducting the deposition in such a way as to minimize stress, such as by spreading it out over several days, taking it in a comfortable environment, or other possible arrangements.  The letter is part of the back-and-forth correspondence between counsel about the deposition, and there appears to have been no effort to obtain an affidavit or declaration from either Mr. Stemen or any other treatment provider.

Plaintiff argues that the motion for a protective order is not properly supported as required by Local Civil Rule 7.2(d) ("Evidence shall be presented, in support of or in opposition to any motion, using affidavits, declarations pursuant to 28 U.S.C. § 1746, deposition excerpts, admissions, verified interrogatory answers, and other documentary or electronic exhibits"), and the Court agrees.  The letter described above has no evidentiary value.  It is not even authenticated.  Further, it does not satisfy what both parties assert to be the applicable legal standard, set forth this way in Schorr v. Briarwood Estates Ltd. Partnership, 178 F.R.D. 488, 491 (N.D. Ohio 1998):

The party seeking a protective order bears the burden

>of establishing good cause and a specific need for protection. <u>Landry v. Air Line Pilots Ass'n. Int'l AFL-CIO,</u> 901 F.2d 404, 435 (5th Cir.), <u>cert. denied</u>, 498 U.S. 895, 111 S.Ct. 244, 112 L.Ed.2d 203 (1990). In seeking to prevent or delay a deposition on medical grounds, the moving party has the burden of making a specific and documented factual showing that the deposition will be dangerous to the deponent's health. <u>Medlin v. Andrew</u>, 113 F.R.D. 650, 653 (M.D.N.C.1987); <u>cf. Butler v. Burroughs Wellcome, Inc.</u>, 920 F.Supp. 90 (E.D.N.C.1996)

<u>See also Campos v. Webb County Tex.</u>, 288 F.R.D. 134, 136 (S.D. Tex. 2012)("conclusory or speculative statements by a treating physician about the harm which will be suffered without a protective order are simply insufficient").  For the reasons already stated, it is hard to describe the Stemen letter as anything but conclusory or speculative.  The Court concludes that Sgt. Radabaugh has not met his "substantial burden of showing 'extraordinary circumstances based on specific facts that would justify such an order.'"  <u>Id</u>., quoting <u>Jennings v. Family Mgmt.</u>, 201 F.R.D. 272, 275 (D.D.C. 2001).

In his reply, Sgt. Radabaugh suggests that the Court should grant him a temporary protective order so that he might come forward with more evidence supporting his claim of medical inability to be deposed.  The Court rejects that suggestion.  The requirement to produce specific, detailed, sworn evidence in support of this type of protective order is well established in the case law, and was a primary focus of the responsive memorandum.  The reply did not provide any additional evidence, nor did Sgt. Radabaugh seek leave to file additional evidence, which would ordinarily not be permitted as part of the reply.  For all of these reasons, the Court will deny the motion, but strongly recommends to counsel that they make every effort to accommodate whatever legitimate concerns may exist about the impact of a deposition on Sgt. Radabaugh's mental health and

6

well-being.

## IV. Order

Based on the foregoing, the motion to compel (Doc. 88) is granted in part.  Within fourteen days, Mr. Mattingly shall supplement his answer to Interrogatory No. 5 and provide a verification for all of his answers.  The motion for a protective order (Doc. 92) is denied.

## V. Motion for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp  
United States Magistrate Judge