UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES R. STILLWAGON,

    Plaintiff,

v.

THE CITY OF DELAWARE, et al.,

    Defendants.

Case No. 2:14-cv-807
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

---

JAMES R. STILLWAGON,

    Plaintiff,

v.

OFFICER JAMES AILES, et al.,

    Defendants.

Case No. 2:14-cv-1606
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court on a Motion for Reconsideration [ECF No. 241][1] filed by Defendants Patrick Gerke, Jonathan Radabaugh, Benjamin Segaard, The City of Delaware, and Adam Willauer (collectively, "Defendants"). Defendants object to the United States Magistrate Judge's Order [ECF No. 240] denying them leave to file an amended answer to Plaintiff's First Amended Complaint in case number 2:14-cv-807. Defendants sought leave to amend their Answer to include an affirmative defense of absolute immunity. (Mot. for Leave at 1 [ECF No. 202].) For the following reasons, Defendants' Motion for Reconsideration is **GRANTED**.

---

[1] This matter involves two cases: case number 2:14-cv-807 and case number 2:14-cv-1606. Since the consolidation of these cases on October 19, 2016, filings in the matter have been uploaded to both case dockets and assigned a distinct ECF number in each docket. For simplicity, the Court refers to filings by only their docket number in the '807 case.

## I.

Plaintiff James R. Stillwagon filed his initial Complaint in the '807 case on July 10, 2014. (Compl. at 1 [ECF No. 2].) The Court met with the parties and instructed them that "[a]ny motion for leave to amend the pleadings . . . shall be filed by January 30, 2015. (Mem. of First Pretrial Conf. at 2 [ECF No. 10].) Defendants answered the initial Complaint on September 5, 2014, but they did not assert an affirmative defense of absolute immunity. (*See* First Answer at 16–17 [ECF No. 7].) Nor did Defendants move for leave to amend their Answer.

Following the Court's March 31, 2016 Opinion and Order [ECF No. 67] granting Plaintiff leave to amend his municipal liability claim, Plaintiff filed, on May 16, 2016, his First Amended Complaint. (First Am. Compl. at 1 [ECF No. 78].) Defendants moved for an extension of time—from June 2 to June 16, 2016—to respond to the First Amended Complaint. (Mot. for Extension at 1 [ECF No. 79].) The Court granted the extension, (May 31, 2016 Order at 1 [ECF No. 80]), and Defendants filed an Answer to the First Amended Complaint on June 3, 2016. (Second Answer at 1 [ECF No. 82].) Again, the Answer did not include an affirmative defense of absolute immunity. (*See id.* at 18–19.)

On April 3, 2017, ten months after filing their Answer to the First Amended Complaint and twelve days before the parties' dispositive motion deadline, Defendants moved for leave to file an amended answer. (Mot. for Leave at 1 [ECF No. 202]; Jan. 17, 2017 Order at 1 [ECF No. 180].) Defendants wished to assert the affirmative defense of absolute immunity recognized by the Supreme Court in *Rehberg v. Paulk*, 566 U.S. 356, 369 (2012). (Mot. for Leave at 2.) The affirmative defense offers absolute immunity to a grand jury witness from any § 1983 claim based on the witness's testimony. *Rehberg*, 566 U.S. at 369. In their Motion for Leave, Defendants asserted that the addition of this affirmative defense would neither create undue

2

delay nor result in undue prejudice to Plaintiff. (Mot. for Leave at 2.) Defendants attempted to justify their tardy addition of this affirmative defense by arguing that the Sixth Circuit only recognized the holding in *Rehberg*, and, thus, the defense of absolute immunity, in a pair of recent cases—*Sanders v. Jones*, 845 F.3d 721 (6th Cir. 2017) and *King v. Harwood*, 852 F.3d 568 (6th Cir. 2017)—the latter of which was decided on March 27, 2017, a week before Defendants filed their Motion for Leave. (*See* Mot. for Leave at 2–3.) Defendants also attempted to justify the tardiness of their request by noting that they only recently obtained facts (i.e., the Delaware County Prosecutor's case files, testimony from a county prosecutor, and testimony from Defendant Segaard) to support their assertion of an absolute immunity defense. (*Id.* at 3.)

The Magistrate Judge denied the Motion for Leave. (May 30, 2017 Order at 1, 5 [ECF No. 240].) Defendants' reliance on *Sanders* and *King* was misplaced, the Magistrate Judge explained. The decisions "did not, of course, suggest that *Rehberg* had not changed, and conclusively determined, the law [relating to allegations of false grand jury testimony in malicious prosecution claims] in 2012, or that the Court of Appeals had not been following *Rehberg* until these cases were decided." (*Id.* at 4.) The cases "simply observed that the Court of Appeals had not had an occasion to apply *Rehberg* directly until the defendants in *King* and *Sanders* made an absolute immunity argument based on [*Rehberg*]—something that those defendants obviously knew to do, and did, in cases which were filed in their respective District Courts in 2015." (*Id.*) Given Defendants' failure to assert an absolute immunity defense until April 2017 despite the availability of the defense since the inception of the case, the Magistrate Judge concluded that Defendants could not establish good cause under Federal Rule of Civil Procedure 16(b)(4) to file an untimely answer. (*See id.* at 4–5.)

3

In denying the Motion for Leave, the Magistrate Judge further concluded that asserting an absolute immunity defense at this late stage in the litigation would prejudice Plaintiff. (May 30, 2017 Order at 5.) The defense would completely alter Plaintiff's strategy "to overcome any presumption of probable cause that attached to the indictment." (*Id.*) Defendants' assertion of the defense would also have likely changed how the parties conducted their discovery, the Magistrate Judge noted. (*Id.*)

## II.

Under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), a district judge must consider timely objections to a magistrate judge's order on a non-dispositive matter and modify or set aside any part of the order that is clearly erroneous or contrary to law.

Here, Defendants move for reconsideration of the Magistrate Judge's Order denying their Motion for Leave. Defendants contend that good cause exists to amend their answer because (i) they acted diligently and (ii) amending their answer will not prejudice Plaintiff. (Mot. for Reconsideration at 4–9 [ECF No. 241].)

To prevail on their Motion for Reconsideration and obtain leave to amend their answer, Defendants must first establish that the Magistrate Judge clearly erred or acted contrary to law in his analysis under Federal Rule 16(b)(4). Defendants must then show that they are entitled to amend their answer under Federal Rule 15(a)(2). *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) ("Once the scheduling order's deadline passes, a [party] first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a).").

A.  **Federal Rule 16(b)(4)**

Under Federal Rule of Civil Procedure 16(b)(4), the Court's scheduling order may be

4

modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The primary consideration in determining whether a party has shown good cause to modify a scheduling order is the party's diligence in attempting to meet the order's requirements. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). Diligence is not the only consideration, though. The Court must also consider the potential prejudice to the party opposing the modification. *Id.*

### 1. Diligence

In an effort to show that they acted diligently in moving to amend their answer in April 2017, Defendants contend that the standard applied by the Sixth Circuit prior to *Sanders* and *King* in malicious prosecution cases involving grand jury testimony was in direct conflict with the standard enunciated in *Rehberg*. (Mot. for Reconsideration at 5 [ECF No. 241].) Defendants' assertion is inaccurate. Several of the Sixth Circuit's post-*Rehberg* malicious prosecution cases involving a grand jury indictment "continued to examine the defendant's grand jury testimony to determine whether it contained any knowing or reckless falsehoods." *Sanders*, 845 F.3d at 733. But as the court explained in *Sanders*, none of those cases "cited *Rehberg* or even mentioned the issue of absolute immunity—presumably because the defendants in those cases did not raise the defense of absolute immunity. Because absolute immunity is an affirmative defense that may be waived, these post-*Rehberg* cases were not called upon to address the effect of *Rehberg* if the defendant never raised absolute immunity as a defense." *Id.* at 734.

Defendants also argue that the Magistrate Judge's Order "discounts the confusion regarding the apparent conflict between *Rehberg* and the Sixth Circuit case law." (Mot. for Reconsideration at 5.) Confusion may have existed in the circuit. The existence of that confusion does not, however, change the fact that absolute immunity has been available as an affirmative

5

defense to malicious prosecution claims since the Supreme Court decided *Rehberg* in 2012. Any confusion that may have existed in the circuit, moreover, was not sufficiently confounding for the Court to conclude that the Magistrate Judge clearly erred or acted contrary to law in holding that Defendants did not diligently attempt to comply with the scheduling order. Indeed, the confusion argument is undermined by the fact that various defendants in the circuit, including the defendant in *Sanders*, raised absolute immunity as a defense as early as 2012. *See, e.g., Vaughan v. City of Shaker Heights*, 514 F. App'x 611, 613 (6th Cir. 2013) (considering a *Rehberg* absolute immunity argument raised by the defense); *Tinney v. Richland Cnty.*, No. 1:14 CV 703, 2016 WL 397963, at *15 (N.D. Ohio Feb. 2, 2016) (same); *Sanders v. Jones*, No. 12-1239, 2015 WL 7571939, at *2 n.2 (W.D. Tenn. Nov. 24, 2015) (same); *Beck v. Muskingum Cnty., Ohio*, No. 2:11-cv-155, 2012 WL 4813782, at *3 (S.D. Ohio Oct. 10, 2012) (same); *Taylor v. Montoya*, No. 1:11 CV 1901, 2012 WL 2120716, at *2 (N.D. Ohio June 8, 2012) (same).

Defendants note that they filed their Motion for Leave on April 3, 2017, just one week after the Sixth Circuit decided *King*. (Mot. for Reconsideration at 4.) Defendants focus less attention on the timing of *Sanders*, which was decided on January 9, 2017. By pointing out that their Motion for Leave was filed on the heels of the *King* decision, Defendants imply that the Sixth Circuit fully recognized *Rehberg*'s absolute immunity defense only after issuing both *Sanders* and *King*. The Court, as noted above, disagrees with the notion that an absolute immunity defense was unavailable to defendants in the Sixth Circuit prior to *Sanders* or *King*. But even if the Court were to assume that the defense only became available after one of these decisions, the Court would conclude that the defense became available after *Sanders*. In *Sanders*, the Sixth Circuit analyzed the defendant's absolute immunity defense and held that he was, in fact, entitled to absolute immunity. *See Sanders*, 845 F.3d at 730–34. This holding should have

6

been sufficient to inform Defendants of their ability to assert an absolute immunity defense. In *King*, the Sixth Circuit discussed *Sanders* and recognized an exception to the absolute immunity defense. *King*, 852 F.3d at 584–91. But no part of *King* should have been critical to Defendants' realization that they could assert an absolute immunity defense. *See generally id.* Consequently, even if the Court were to agree with Defendants about the significance of *Sanders* and *King*, the Court would still concur with the Magistrate Judge's conclusion that Defendants did not act diligently enough in moving to amend their answer. *Sanders* was decided on January 9, yet Defendants did not move to amend their answer until April 3.

Defendants next argue that the delay in moving to amend was the consequence of them only recently discovering facts to support an absolute immunity defense. (Mot. for Reconsideration at 7.) Defendants contend that they received the Delaware County Prosecutor's case files on February 14, 2017, that they heard Defendant Segaard's deposition testimony on March 13, 2017, and that they heard a Delaware County prosecutor's deposition testimony on March 16, 2017. (*Id.*) Through this discovery, Defendants purportedly learned of Plaintiff's "intention to base the malicious prosecution claim upon the statements made by Defendant Segaard during his grand jury testimony." (*Id.*)

Defendants do not cite to any rule or case, though, in support of the notion that a defendant should assert affirmative defenses only after conducting discovery. And, in fact, Federal Rules of Civil Procedure 8(c)(1) and 12(a)(1)(A) contradict this position. Rule 8(c)(1) states that a party "must affirmatively state any avoidance or affirmative defense" when "responding to a pleading." Fed. R. Civ. P. 8(c)(1). And under Rule 12(a)(1)(A), a defendant must respond to a pleading without regard to whether discovery has occurred. *See* Fed. R. Civ. P. 12(a)(1)(A). Typically, a defendant must simply respond within a set number of days: within 21

7

days after being served with the summons and complaint or, if the defendant has waived service, within 60 days after the waiver was sent. *Id.* Defendants' factual discoveries do not convince the Court that the Magistrate Judge clearly erred or acted contrary to law in holding that Defendants did not diligently attempt to comply with the scheduling order.

    **2.    Prejudice**

The Court finds no basis to reconsider the Magistrate Judge's Order based on his analysis of Defendants' diligence. The Court, however, disagrees with the Magistrate Judge in his analysis of the prejudice posed by Defendants' requested amendment.

Three considerations are critical. First, Plaintiff insists that his malicious prosecution claim does not rely on any grand jury testimony. (Pl.'s Opp'n to Mot. for Reconsideration at 20 [ECF No. 245].) Rather, as Plaintiff states, the essence of his claim "is that the Defendants engaged in the fabrication of apparent probable cause, including manufacturing of false evidence, hiding, suppressing, and destroying exculpatory evidence, creating materially false and misleading documents and reports regarding the evidence, suppressing the identities of known exculpatory witnesses, and a bevy of other related omissions and dishonesties." (*Id.* at 4.) Plaintiff argues, in other words, that although allowing Defendants to amend their answer is objectionable in several ways, Defendants' assertion of an absolute immunity defense will not harm his case. (*See id.* at 20–21.)

Second, due to the timing of Defendants' Motion for Leave, the parties fully briefed the absolute immunity defense in their motions for summary judgment. (Mot. for Reconsideration at 10–11 [ECF No. 241].) Plaintiff has responded to the defense by arguing that his malicious prosecution claim falls within the exception suggested in *Rehberg* and elucidated in *King*. (Pl.'s Opp'n to Mot. for Summ. J. at 13–16 [ECF No. 220].) Under that exception,

>where (1) a law-enforcement officer, in the course of setting a prosecution in motion, either knowingly or recklessly makes false statements (such as in affidavits or investigative reports) or falsifies or fabricates evidence; (2) the false statements and evidence, together with any concomitant misleading omissions, are material to the ultimate prosecution of the plaintiff; and (3) the false statements, evidence, and omissions do not consist solely of grand-jury testimony or preparation for that testimony (where preparation has a meaning broad enough to encompass conspiring to commit perjury before the grand jury), the presumption that the grand-jury indictment is evidence of probable cause is rebuttable and not-conclusive.

*King*, 852 F.3d at 587–88. Plaintiff's confident response to the absolute immunity defense suggests that he will suffer minimal prejudice from the Court granting Defendants leave to amend their answer.

Third, and related to the first two considerations, Plaintiff has not asserted, and Plaintiff's arguments on the merits of the defense do not suggest, that Plaintiff requires additional discovery to challenge the absolute immunity defense. The parties have conducted extensive discovery in this case. (*See* Mot. for Reconsideration at 8–9.) All of the facts that might assist Plaintiff in attempting to establish that his malicious prosecution claim falls within the *King* exception appear to have been discovered already.

The Court concludes, based on these considerations, that Plaintiff will suffer minimal prejudice if Defendants are permitted to amend their answer to include an absolute immunity defense.

### 3. Additional Factors

In most cases, the Court's conclusion that the moving party did not act diligently to comply with the scheduling order would outweigh the conclusion that the non-moving party would suffer minimal prejudice from a tardy amendment. That is, in most cases, if faced with similar facts, the Court would conclude that good cause under Rule 16(b)(4) is lacking. The

9

Court, like the Magistrate Judge, has serious concerns with Defendants' delay in moving to amend their answer.

This case presents unique circumstances, though. If the Court were to deny Defendants' Motion for Reconsideration and refuse to consider Defendants' absolute immunity defense, the Court would find itself in the tenuous position of ruling on the parties' motions for summary judgment on the basis of legal theories specifically overruled by the Supreme Court. And if Plaintiff's claims survive summary judgment and the case proceeds to trial, the Court would again find itself in the tenuous position of asking the jury to decide the case on outdated legal theories. Drafting logical and legally accurate jury instructions would present additional complications.

In light of these circumstances, the minimal prejudice to Plaintiff, and the general preference under the Federal Rules of Civil Procedure and Supreme Court precedent for deciding cases on the merits, *see Foman v. Davis*, 371 U.S. 178, 181 (1962), the Court concludes that the Magistrate Judged clearly erred in holding that no good cause supported Defendants' Motion for Leave. And in light of these same factors, the Court further concludes that Defendants' Motion for Leave is supported by good cause.

**B.     Federal Rule 15(a)(2)**

To amend their answer, Defendants must now show that they are entitled to do so under Federal Rule of Civil Procedure 15(a)(2). The Magistrate Judge did not undertake this analysis, so the Court will make this determination de novo.

Federal Rule 15(a)(2) provides that leave to amend a pleading should be freely given when justice so requires. The Court considers various factors when determining whether to grant a motion to amend. "Undue delay in filing, lack of notice to the opposing party, bad faith by the

10

moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing part, and futility of amendment are all factors which may affect the decision." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458 (6th Cir. 2001) (quoting *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)).

Granting leave to amend is appropriate here. Defendants delayed in moving to amend their answer. The other relevant Rule 15(a)(2) factors, however, support granting Defendants' request. To begin, there is no evidence that Defendants acted in bad faith in filing their tardy Motion for Leave. Also, because Defendants notified Plaintiff of their intended absolute immunity defense prior to the summary judgment filing deadline, the parties were able to fully brief the issue in their motions for summary judgment. (Mot. for Reconsideration at 10–11 [ECF No. 241].) Plaintiff will suffer minimal prejudice from Defendants amending their answer. (*See, e.g.*, Pl.'s Opp'n to Mot. for Reconsideration at 20 [ECF No. 245].) And even if the addition of an absolute immunity defense were futile—a conclusion that Defendants would dispute—the inclusion of the defense in this case will ensure that the case is decided on current Supreme Court and Sixth Circuit precedent. Accordingly, the Court grants leave for Defendants to amend their answer under Federal Rule 15(a)(2).

### III.

For these reasons, the Court **GRANTS** Defendants' Motion for Reconsideration [ECF No. 241], **SETS ASIDE** the Magistrate Judge's May 30, 2017 Order [ECF No. 240], and **GRANTS** Defendants' Motion for Leave [ECF No. 202]. Defendants may amend their answer to include an affirmative defense of absolute immunity.

**IT IS SO ORDERED.**

7-18-2017
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE